IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JOHN HART,

    *Plaintiff,*

v.

THOMAS TARRANT, et al.,

    *Defendants.*

Case No. 2:17-cv-05055-JDW

## MEMORANDUM

In this civil rights action, John Hart alleges that two Pennsylvania parole officers, Thomas Tarrant and Kimberly Ann Mackey, violated his Due Process and Eighth Amendment rights by bringing him to an untimely parole revocation hearing. Hart also claims that Officer Tarrant made false statements at Hart's revocation hearing in order to convince the hearing examiner that the revocation hearing was timely. For the reasons that follow, the Court concludes that Hart has failed to provide any evidence to establish the material elements of his claims. Additionally, qualified immunity and sovereign immunity protect the Officers from liability in this action.

### I. FACTUAL BACKGROUND

#### A. Parole Revocation Hearing

On November 16, 2011, Hart was arrested in Philadelphia on multiple charges while on parole. The Pennsylvania Board of Probation and Parole ("Board") lodged a detainer against Hart based on his new arrest. Four years later, on November 12, 2015, a jury in Philadelphia convicted Hart of harassment and stalking. On December 1, 2015, Officer Mackey authorized Officer Tarrant to start the process of revoking Hart's parole.

Before a parolee is recommitted as a convicted violator, "[a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict . . ." 37 Pa. Code § 71.4(1). As part of this process, on December 1, 2015, Officer Tarrant requested official verification of Hart's new conviction via email sent to Philadelphia County. Officer Tarrant did not receive a response and sent a second email on February 1, 2016, again requesting official verification of Hart's new conviction. Officer Tarrant's second email also went unanswered. On February 19, 2016, at Officer Mackey's direction, Officer Tarrant went in person to recover the official verification from the Philadelphia Court of Common Pleas.

On March 1, 2016, Officer Tarrant met with Hart and gave him notice of the Board's intent to bring him to a parole revocation hearing. At the revocation hearing on April 5, 2016, the hearing examiner asked Officer Tarrant when he obtained official verification of Hart's conviction, to which Officer Tarrant replied, "[i]n February, I believe." (ECF No. 26, Ex. 5, 19:7-20:1.) The hearing examiner subsequently recommitted Hart as a convicted parole violator.

**B.      Appeal Of Parole Revocation Decision**

Following his sentencing, Hart filed a timely request for administrative relief from the hearing examiner's decision to recommit him as a convicted parole violator. On October 3, 2016, the Board affirmed its revocation decision. On October 24, 2016, Hart appealed the Board's decision to the Commonwealth Court of Pennsylvania. On June 2, 2017, the Commonwealth Court held that the Board had not met its burden of proving by a preponderance of the evidence that the revocation hearing was timely pursuant to 37 Pa. Code § 71.4. *See Hart v. Pa. Bd. Of Probation and Parole*, No. 1769 C.D. 2016, 2017 WL 2391957, at *3 (Pa. Commw. Ct. June 2, 2017). Therefore, the Commonwealth Court reversed the Board's decision. The Commonwealth Court
2

noted that although the Trial Disposition and Dismissal Form that Officer Tarrant presented at the revocation hearing constituted official verification, it did not contain any indication of **when** Officer Tarrant had received it. Rather, the form had only a print date of November 12, 2015. *Id.* The Commonwealth Court also observed that the Board relied on Form PBPP-253C in determining that the revocation hearing was timely but that that Form was not admitted into evidence in proceedings before the Board. *Id* at 7. As a result of the Commonwealth Court's decision, Hart was released from custody on June 16, 2017, after having served two hundred and twelve days for his parole violation.

### C. Procedural History

On March 6, 2018, Hart filed an Amended Complaint, in which he brings this civil rights action under 42 U.S.C. § 1983 and state law. He alleges that Officers Tarrant and Mackey infringed on his Due Process and Eight Amendment rights by holding an untimely revocation hearing in violation of 37 Pa. Code § 71.4. He also asserts an intentional misrepresentation claim, in which he alleges that Officer Tarrant intentionally mispresented at the revocation hearing that he received notice of Hart's new conviction in February 2016. The parties filed cross motions for summary judgment, which are ripe for disposition.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) permits a party to seek, and a court to enter, summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotations omitted). In ruling on a summary judgment motion, a court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quotation omitted). However, "[t]he non-moving party may not merely deny the allegations in the moving party's pleadings; instead he must show where in the record there exists a genuine dispute over a material fact." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citation omitted). The movant is entitled to judgment as a matter of law when the non-moving party fails to make such a showing. *Dodson v. Coatesville Hosp. Corp.*, No. 18-3065, --- Fed. App'x ----, 2019 WL 2338461, at *2 n.6 (3d Cir. June 3, 2019) (quotation omitted). "When confronted with cross-motions for summary judgment 'the court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Canal Ins. Co. v. Underwriters at Lloyd's London*, 333 F. Supp. 2d 352, 353 n.1 (E.D. Pa. 2004), *aff'd*, 435 F.3d 431 (3d Cir. 2006).

### III. ANALYSIS

#### A. Collateral Estoppel

Hart argues that the Commonwealth Court's decision estops the Officers from arguing that Hart received a timely revocation hearing. The res judicata effect of state court decisions in Section 1983 actions is a matter of state law. *See Heck v. Humphrey*, 512 U.S. 477, 480 n. 2 (1994). Under Pennsylvania law, there are four essential elements of issue preclusion: (1) an issue decided in a prior action is identical to the one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom issue preclusion is asserted was a party to the prior action; and (4) the party against whom issue preclusion is asserted had a full and fair opportunity to litigate the issue in the prior action. *Flood v. Schaefer*, 754 F. App'x

130, 133 (3d Cir. 2018). The party asserting preclusion bears the burden of showing that it applies. *See Davis v. U.S. Steel Supply*, 688 F.2d 166, 170 (3d Cir.1982) (*en banc*) (res judicata).

Here, res judicata does not apply for two reasons. First, the issue in this case is not the same as the one that was before the Commonwealth Court. The Commonwealth Court determined that—based on the record—the Board did not meet its burden of showing by a preponderance of the evidence that the revocation hearing was timely. The Commonwealth Court did not examine whether the hearing was actually untimely or whether Officer Tarrant lied at the hearing. In contrast, Hart's claims here deal with whether Officers Tarrant and Mackey violated his Due Process and Eighth Amendment rights and whether Officer Tarrant made an intentional misrepresentation—none of which the Commonwealth Court's decision establishes. Second, the parole officers were not parties to the prior case in their individual capacities. The Third Circuit has indicated that a judgment against the government does not bind its officials in subsequent litigation. *Skunda v. Pennsylvania State Police*, 47 F. App'x 69, 71 (3d Cir. 2002) (citing *Smith v. Holtz*, 210 F.3d 186, 199–200 n. 18 (3d Cir.2000)). The Commonwealth Court case involved Hart and the Board. Although Officer Tarrant appeared as a witness at the revocation proceedings and was questioned by the hearing examiner, neither he nor Officer Mackey was a party to that case, and neither of them was represented by counsel. Accordingly, they did not have a fair opportunity to litigate the case and are not bound by its decision.

### B.     Untimely Revocation Hearing

Hart claims that Officers Tarrant and Mackey violated his Due Process and Eighth Amendment Rights by holding an untimely revocation hearing in violation of 37 Pa. Code § 71.4. Hart further asserts that Officer Tarrant intentionally misrepresented when he received official verification of Hart's new conviction at the revocation hearing in order to convince the hearing

5

examiner that the hearing was timely. Nevertheless, Hart provides no evidence to suggest that his hearing was actually untimely, which is essential to each of his claims.

Although credibility determinations are reserved for the finder of fact, a party resisting a summary judgment motion must produce "more than a mere scintilla of evidence" that his claims bear legal merit in order to survive summary judgment. *Harris v. Dow Chem. Co.*, 586 F. App'x 843, 845 (3d Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Evidence that is "merely colorable or not significantly probative" is not sufficient. *Carpenter v. Proctor & Gamble Disability Benefit Plan & Benefit Plans Tr.*, 229 F. App'x 170, 171 (3d Cir. 2007).

Here, Hart has not provided any evidence to show that the revocation hearing was untimely and, thus, that there is a genuine issue of material fact. Hart references the Commonwealth Court's decision numerous times to indicate that his hearing was untimely; however, as mentioned above, the Commonwealth Court did not find that the hearing was actually untimely or that Officer Tarrant made false statements at the hearing. Rather, the Commonwealth Court held that the Board had not met its burden of proving by a preponderance of the evidence that the hearing was timely, in part because the Board could not rely on the PBPP-257C Form to support its finding that the hearing was timely.

On the other hand, Officers Tarrant and Mackey have provided at least three pieces of evidence to indicate that Officer Tarrant retrieved the official verification from the Court of Common Pleas in person on February 19, 2016, and thus that the hearing was timely. First, the parole officers rely on the Hearing Interview Planner, which is the Board's web-based system for requesting and scheduling hearings for offenders. Specifically, the parole officers note that the Hearing Interview Planner for Hart has February 19, 2016, marked as the "Off. Verification Date."

Second, the parole officers offer evidence in the form of a "Daily Supervision Report," which Officer Tarrant testified he fills out every week or so to reflect the work he did the previous week. Officer Tarrant provides a Daily Supervision Report dated February 19, 2016, which states in the "Other Activities/Completed Investigations/MISC Information" section "Acquired Hart 959 FG Cert Philadelphia." Third, the parole officers rely on the Board's Criminal Arrest and Disposition Report, which is a form that parole officers must fill out when a parolee is arrested with new criminal charges and which continues to be updated by the agent in accordance with new developments relating to those charges. The parole officers stress that the Board's Criminal Arrest and Disposition Report for Hart shows "02/19/2016" in the "Verification Date" field.

Hart does not offer any evidence that conflicts with or calls into question the authenticity of these documents. Instead, Hart asserts only that the "records are typed, preprinted internal documents created and maintained by Defendants with no indication as to when the information was typed on the document or when the documents were created." (ECF No. 26, P. 12). However, Hart's argument does not constitute evidence. And while Hart "need not match, item for item, each piece of evidence proffered by the movant," he must provide sufficient evidence to "exceed the mere scintilla standard," which he fails to do. *Carpenter v. Proctor & Gamble Disability Benefit Plan & Benefit Plans Tr.*, 229 F. App'x 170, 171 (3d Cir. 2007) (quoting *Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1230 (3d Cir.1993)). Accordingly, because Hart has not put forth any evidence to show that the revocation hearing was untimely, his Due Process, Eighth Amendment, and intentional misrepresentation claims cannot survive summary judgment.

C. **Qualified Immunity**

Even if Hart had made a sufficient showing to establish a Due Process or Eighth Amendment violation, Officers Tarrant and Mackey are entitled to qualified immunity. As parole officers, Officers Tarrant and Mackey are shielded by qualified immunity "if it is shown that [their] conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Donaldson v. Mugavero*, 126 F. App'x 63, 65 (3d Cir. 2005) (quotation omitted). The questions of whether a right was clearly established at the time of the alleged violation and whether the officers acted reasonably under the circumstances are matters of law for the Court to decide. *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (citation omitted). "[T]he reasonableness inquiry considers not only whether the right at issue was clearly established, but also whether a reasonable officer could have believed her conduct was lawful, in light of the information she possessed at the time." *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (citation omitted).

Officer Tarrant, who followed custom rather than internal policy in going to the Philadelphia Court of Common Pleas to obtain official verification, had reason to believe his conduct was lawful and would satisfy the requirements of 37 Pa. Code §71.4. In fact, the Commonwealth Court stated that the Trial Disposition and Dismissal Form constituted official verification pursuant to 37 Pa. Code § 61.1. Although Defendant Tarrant overlooked the fact that the Trial Disposition and Dismissal Form was not date stamped, the Qualified Immunity standard protects those who make mistaken judgments. *See Shoffner v. Wenerowicz*, No. CV 15-00392, 2016 WL 1660559, at *8 (E.D. Pa. Apr. 27, 2016) (quoting *Egolf v. Witmer*, 526 F.3d 104, 110–

8

11 (3d Cir. 2008)). Officer Tarrant's actions were reasonable under the circumstances given the information he had at the time. Likewise, Officer Mackey's actions were also reasonable.

### D. Sovereign Immunity

Officer Tarrant is entitled to sovereign immunity with respect to Hart's intentional misrepresentation claim. The Board is an arm of the Commonwealth, and its employees are subject to sovereign immunity when acting within the scope of their duties. 1 Pa. Const. Stat. § 2310; *Clark v. Conahan*, 737 F. Supp. 2d 239, 258 (M.D. Pa. 2010). These protections shield an employee of a Commonwealth agency from the imposition of liability even for intentional torts. *Justice v. Lombardo*, 208 A.3d 1057, 1066 (Pa. 2019). The Commonwealth of Pennsylvania has waived immunity only for negligent acts in nine limited circumstances, none of which apply here. 42 Pa. C.S.A. § 8522 (b). Accordingly, Officer Tarrant is entitled to sovereign immunity if the actions alleged against him were taken within the scope of his employment as a parole officer for the Commonwealth of Pennsylvania. *Spiker v. Allegheny Cty. Bd. of Prob. & Parole*, 920 F. Supp. 2d 580, 610 (W.D. Pa. 2013), aff'd sub nom. *Spiker v. Whittaker*, 553 F. App'x 275 (3d Cir. 2014).

Under Pennsylvania law, an action falls within the scope of employment under the following circumstances:

> (1) it is the kind that the employee is employed to perform, (2) it occurs substantially within the job's authorized time and space limits, (3) it is motivated at least in part by a desire to serve the employer; and (4) if force was used by the employee against another, the use of force is not unexpectable by the employer.

*Id*. The question of whether someone acted within the scope of his employment is generally one of fact for the jury to decide; but the issue can be decided by the Court as a matter of law where the facts and inferences drawn from them are not in dispute. *Strothers v. Nassan*, No. 08–1624,

2009 WL 976604, at *8 (W.D.Pa. Apr. 9, 2009); *MFS, Inc. v. DiLazaro*, 771 F. Supp. 2d 382, 456 (E.D. Pa. 2011), aff'd, 476 F. App'x 282 (3d Cir. 2012).

Here, there is no material dispute that Officer Tarrant was acting within the scope of his employment when he testified at Hart's revocation hearing. As mentioned above, while Hart contends that Officer Tarrant made false statements at the revocation hearing about receiving official verification in February 2016, Hart presents no evidence to substantiate his claim. Accordingly, Officer Tarrant is entitled to sovereign immunity.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' summary judgment motion with respect to Hart's Section 1983 claims, as well as his claim for intentional misrepresentation. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

Dated:  October 30, 2019